Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4017 | **DATE** | 6/17/2011 |
| **CASE TITLE** | Hudson vs. Flexible Staffing | | |

**DOCKET ENTRY TEXT**

This matter is before the Court on Defendant's motion to dismiss [20]. For the reasons stated below, Defendant's motion [20] is granted and Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. Plaintiff is given twenty-eight days from the date of this order to file an amended complaint if he believes that he can cure the defects associated with his § 1981 claim.

■[ For further details see text below.]   Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

On June 29, 2010, the Clerk of the Court received Plaintiff Deon Hudson's complaint. Although the complaint was not filed until July 15, 2010 (due to Plaintiff's IFP status), the Court accepts the June 29 date of receipt as the filing date for statute of limitations purposes. Plaintiff alleges that Defendant Flexible Staffing Services, Inc. discriminated against him on the basis of his race and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. In his complaint, Plaintiff states that he received a right to sue letter from the United States Equal Employment Opportunity Commission ("EEOC") on March 30, 2010. Although this date is nearly two and a half years after he filed his charge of discrimination on October 1, 2007, the Court again accepts as true Plaintiff's allegation that he received the right to sue letter on March 30, 2010.

A district court may dismiss a complaint if it obviously has been filed after the statute of limitations has run. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199 (2007)). A plaintiff who receives a right to sue letter from the EEOC must file suit in federal court within ninety days. Generally, the time period begins to run when the claimant receives the letter. *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009). However, there are circumstances under which a plaintiff is not entitled to this "actual notice rule"—specifically, if a plaintiff fails to receive the right-to-sue letter due to his own fault. *Bobbitt v. Freeman Companies*, 268 F.3d 535, 538 (7th Cir. 2001).

Based on the allegations in Plaintiff's complaint, Plaintiff was required to file suit in federal court by June 28, 2010, and he did not file suit until June 29, one day after the ninety-day window for filing suit closed. In his response brief to Defendant's motion to dismiss, Plaintiff did not offer a reason for why he brought suit late. Rather, his two-line response stated "Privileged Class–African American in Civil Rights Case meeting and exceeding companies expectations–performed two positions while being paid for one." Even assuming the truth of these allegations, they do not address Plaintiff's failure to timely file his Title VII claim within ninety days of the EEOC Notice of Right to Sue letter. See *Davis v. Browner*, 113 F. Supp. 2d 1223, 1225 (N.D. Ill. 2000)

("The time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal."). Regrettably for Plaintiff, his complaint was filed one day late and he has not presented any facts or argument sufficient to justify equitable tolling; thus his Title VII claim must be dismissed for untimeliness. See *Limestone Dev. Corp.*, 520 F.3d at 802; *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 95-96 (1990) (principles of equitable tolling do not extend to what is at best a "garden variety" claim of excusable neglect); *Jones v. Madison Serv. Corp.,* 744 F.2d 1309, 1314 (7th Cir. 1984) (citing *Zipes v. Trans. World Airlines, Inc.,* 455 U.S. 385 (1982)) (although courts adhere strictly to Title VII's ninety-day time period, the time limitations are not jurisdictional; rather, they are statutes of limitations subject to equitable tolling).

Plaintiff also has brought a claim under 42 U.S.C. § 1981. Claims under § 1981 do not require a plaintiff to bring charges with the EEOC before filing suit in federal court (see, *e.g., Fane v. Locke Reynolds, LLP,* 480 F.3d 534, 539 (7th Cir. 2007)), and are governed by the four-year statute of limitations found in 28 U.S.C. § 1658 (see *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 382 (2004)). Plaintiff filed this suit on June 29, 2010. Having reviewed Plaintiff's *pro se* complaint, his § 1981 claim, based on the present record, appears to be timely.

Courts use the same standard to analyze racial discrimination claims brought pursuant to 42 U.S.C. § 1981 as claims brought pursuant to Title VII. See *Lalvani v. Cook County*, 269 F.3d 785, 789 (7th Cir. 2001) ("A prima facie case of race or ethnicity discrimination under § 1981 is predicated on the same elements as an ethnicity discrimination claim under Title VII"). In his complaint, Plaintiff alleges that he was treated differently, due to his race, than other employees who were "domestic terrorists." Although Plaintiff checked the box on the form complaint that he was discriminated against because of his race, Plaintiff does not allege what his race is or that any others were treated differently as a result of being a member of a different race than Plaintiff. Although Plaintiff's response brief identifies his race as African-American, his complaint still fails to state a claim. Accepting all of Plaintiff's allegations as true, the only contrasting characteristic between Plaintiff and any other purported comparable employee is that the comparable employee is a "domestic terrorist" while Plaintiff is not. As with Title VII, § 1981 does not grant protected status for employees who are not "domestic terrorists." Thus, Plaintiff's § 1981 claim is dismissed without prejudice. Plaintiff is given twenty-eight days from the date of this order to file an amended complaint if he believes he can cure the defects associated with his § 1981 claim.